

# The Attorney General of Texas

July 26, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Raymond Hitt
Director
Library Development Division
Texas State Library
P. O. Box 12927
Austin, Texas    78711

Opinion No. JM-183

Re:  Application of the Open
Meetings Act to functions
performed by the advisory
council of major resource
system libraries

Dear Mr. Hitt:

You have asked whether an advisory council to a major resource
system of libraries created under article 5446a, V.T.C.S., the Library
Systems Act, is subject to the Open Meetings Act, article 6252-17,
V.T.C.S.  Whether a particular entity is subject to the Open Meetings
Act depends upon whether it is a "governmental body" within the
meaning of section 1(c) of the act, which defines a "governmental
body" as

> any board, commission, department, committee, or
> agency within the executive or legislative
> department of the state . . . every Commissioners
> Court and city council in the state, and every
> deliberative body having rule-making or
> quasi-judicial power and classified as a
> department, agency, or political subdivision of a
> county or city; and the board of trustees of every
> school district, and every county board of school
> trustees and county board of education; and the
> governing board of every special district
> heretofore or hereafter created by law.

Section 10 of article 5446a provides in part as follows:

> (a) An advisory council for each major resource
> system is established, consisting of six lay
> members representing the member libraries of the
> system.

> (b) The governing body of each member library
> of the system shall elect or appoint a
> representative for the purpose of electing council

members. The representatives shall meet following their selection and shall elect the initial council from their group. Thereafter, the representatives in an annual meeting shall elect members of their group to fill council vacancies arising due to expiration of terms of office . . . .

Section 2(6) of article 5446a defines a "major resource system" as

a network of library systems attached to a major resource center, consisting of area libraries joined cooperatively to the major resource center and of community libraries joined cooperatively to area libraries or directly to the major resource center.

A "library system" is defined as

two or more public libraries cooperating in a system approved by the Commission to improve library service and to make their resources accessible to all residents of the area which the member libraries collectively serve.

V.T.C.S. art. 5446a, §2(4). A "major resource center" denominates

a large public library serving a population of 200,000 or more within 4,000 or more square miles, and designated as the central library of a major resource system for referral service from area libraries in the system, for cooperative service with other libraries in the system, and for federated operations with other libraries in the system.

V.T.C.S. art. 5446a, §2(7).

Major resource systems are established by the commission as integral parts of the state library system mandated by the Library Systems Act. V.T.C.S. art. 5446a, §§5, 6. On the other hand, the members of advisory councils are selected by the local governing bodies, i.e., city councils or county commissioners courts, of the member libraries of the major resource systems. An advisory council is, in fact, a hybrid entity which is not "within the executive . . . department of the state," because its members are selected locally; and it is not "a department, agency, or political subdivision" of any particular county or city, since its members are selected from a number of political subdivisions. Neither do we believe that an

advisory council constitutes a "special district."   It is apparent that the legislature, when it enacted the Open Meetings Act, did not contemplate the existence of the kind of hybrid body in question here. Until the legislature amends the statute to include such an entity within the definition of "governmental body," we must conclude that an advisory council to a major resource system of libraries is not subject to the Open Meetings Act.

## S U M M A R Y

An advisory council to a major resource system of libraries is not a "governmental body" for purposes of the Open Meetings Act, and is therefore not subject to its provisions.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Susan Garrison
Jim Moellinger
Nancy Sutton